Case 6:19-cv-00285-K-BM Document 1-2 Filed 06/06/27 Page 17 of Page ID# 24

Filed 6/11/2019 9:0
Alison D
District
Cherokee County, 1

Kelly

CAUSE NO. 2019060342 _____

| | | |
|---|---|---|
| LISA HARMON, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | OF CHEROKEE COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION; REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff, LISA HARMON, in the above-entitled and numbered cause, complaining of Defendant, WAL-MART STORES TEXAS, LLC, and, for cause of action, would hereby respectfully show unto this Court as follows:

### DISCOVERY LEVEL

1. Plaintiff intends to conduct discovery pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE, Level Two (2).

### PARTIES

2. Plaintiff is an individual residing in Cherokee County, Texas.

3. Defendant Wal-Mart Stores of Texas, LLC ("Wal-Mart") is a company formed pursuant to the laws of the State of Delaware operating numerous stores in Cherokee County and throughout the State of Texas, including at 1311 South Jackson Street, Jacksonville, Cherokee County, Texas 75766, and having its principle office at 702 Southwest 8th Street, Bentonville, Arkansas 72716-6299. Defendant Wal-Mart may be served herein by serving its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever said agent may be found.

## JURISDICTION AND VENUE

4. This is a premises liability personal injury suit. This Court has jurisdiction over the parties and the subject matter of this action as Plaintiff seeks damages in an amount within the jurisdictional limits of this Court.

5. Venue is proper in Cherokee County, Texas because all or a substantial part of the events or omission giving rise to this lawsuit occurred in Cherokee County, Texas and, at the time of the incident giving rise to this lawsuit, Plaintiff was, and continues to be, a resident of Cherokee County, Texas.

## MISNOMER / ALTER EGO

6. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

7. Further, to the extent that the above-named Defendant are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE and Plaintiff hereby respectfully demands that, upon answering this suit, that they answer in their correct legal name and assumed name.

## BACKGROUND FACTS

8. Plaintiff hereby refers to, and incorporates, the facts and allegations explained hereinabove as if fully set forth herein.

9. On June 29, 2017, Plaintiff was on the premises of Defendant's store referred to as Supercenter #180, located at 1311 South Jackson Street, Jacksonville, Cherokee County, Texas 75766. While walking on the premises, including while pushing her shopping cart in the garden area, Plaintiff stepped on a hole in the asphalt, causing her to fall and sustain serious bodily injuries.

10. Defendant knew or should have known of this unreasonably dangerous condition

created by the hole in the asphalt located on the premises and did not provide any warning to Plaintiff or other patrons. At all relevant times, Plaintiff was an invitee of Defendant and entered Defendant's premises with Defendant's knowledge and consent, and for the mutual benefit of Plaintiff and Defendant.

11. The hole in the asphalt posed an unreasonable risk of harm, and Defendant knew or should have reasonably known of the danger posed by its presence. Defendant failed to adequately inspect the premises of its store and failed to otherwise maintain the premises of its store to keep the premises free of the unreasonably dangerous condition. Defendant breached their duty of care to Plaintiff by, *inter alia*, failing to adequately warn Plaintiff, or other patrons, of the condition and failing to keep the premises free of the unreasonably dangerous conditions, despite knowledge thereof.

12. The incident caused Plaintiff to suffer serious personal injuries and damages which she is seeking to recover in this lawsuit.

### CAUSE OF ACTION NO. 1
### NEGLIGENCE

13. Plaintiff hereby refers to, and incorporates, the facts and allegations explained hereinabove as if fully set forth herein.

14. At all times material hereto, Defendant was the owner and possessor in control of the premises located at 1311 South Jackson Street, Jacksonville, Cherokee County, Texas 75766.

15. At all times pertinent hereto, Defendant owed a duty of ordinary care to Plaintiff as an "invitee," the breach of which proximately caused the damages set forth herein. As an invitee, Plaintiff was walking on Defendant's premises and came upon an unreasonably dangerous condition, causing her to trip and fall, causing serious bodily injury.

16. At all times pertinent hereto, Defendant, including via its agents, servants, employees, representatives, and vice-principals who were acting in the scope of their employment,

had *actual knowledge*, or, at a minimum, constructive knowledge, of the dangerous condition and/or, upon exercise of reasonable diligence, reasonably should have known of the dangerous condition which Defendant failed to make safe and/or warn Plaintiff about prior to the injury-producing incident which made the basis of this lawsuit. At no time prior to Plaintiff's injuries had Plaintiff known of the unreasonably dangerous condition.

17. At all times pertinent hereto, Defendant, including via its agents, servants, employees, representatives, and vice-principals who were acting in the scope of their employment, failed to adequately inspect the premises and/or failed to otherwise maintain the premises to keep the area free of the unreasonably dangerous condition which caused Plaintiff's injuries and damages. Further, at all times pertinent hereto, Defendant, including via its agents, servants, employees, representatives, and vice-principals who were acting in the scope of their employment, failed to warn Plaintiff of the existence of the unreasonably dangerous condition on the premises.

18. At all times pertinent herein, Defendant, including via its agents, servants, employees, representatives, and vice-principals who were acting in the scope of their employment, was guilty of negligent conduct toward the Plaintiff in one or more of the following ways:

 a) failing to maintain the premises in question, including in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;

 b) failing to correct the unreasonably dangerous condition which was created by the presence of the hole in the asphalt on the premises in question;

 c) failing to fix the hole in the asphalt which caused Plaintiff's fall and injuries;

 d) failing to warn invitees, including Plaintiff, of the dangerous conditions of the premises in question;

 e) failing to properly inspect the premises in question to discover the unreasonably dangerous conditions in question;

  f)  failing to properly train agents, servants, employees, representatives, and vice-principals regarding the proper manner in which to make the premises reasonably safe;

  g)  failing to adequately establish and enforce safety rules and regulations;

  h)  failing to provide safety instructions, policies, procedures, and/or training to prevent the creation of dangerous conditions;

  i)  failing to implement proper policies, rules and/or procedures to make the premises reasonably safe; and

  j)  failing to enforce proper policies, rules and/or procedures to make the premises reasonably safe.

19. Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, occurring on the date Plaintiff was injured, constituted the negligence of Defendant which resulted in an unreasonably dangerous condition on Defendant's premises, and which directly and proximately caused and resulted in the occurrence made the basis of this lawsuit, resulting in the injuries and damages sustained and suffered by Plaintiff pled herein.

## CAUSE OF ACTION NO. 2
## NEGLIGENCE VIA *RES IPSA LOQUITOR*

20. Plaintiff hereby refers to, and incorporates, the facts and allegations explained hereinabove as if fully set forth herein.

21. Including as set forth above, the stated acts and/or omissions of Defendant show that (1) this incident is such that it would not ordinarily occur in the absence of negligence; and (2) the premises are shown to have been under the control of Defendant. In view of the foregoing, Plaintiff hereby pleads the doctrine of *res ipsa loquitor*, including as to Defendant's negligent acts and/or omissions above.

## CAUSE OF ACTION NO. 3
### DEFENDANT'S LIABILITY VIA *RESPONDEAT SUPERIOR*

22. Plaintiff hereby refers to, and incorporates, the facts and allegations explained hereinabove as if fully set forth herein.

23. Defendant is vicariously liable for the conduct of its agents, servants, employees, representatives, and vice-principals acting in the course and scope of their employment, for the furtherance of Defendant's business, and/or with Defendant's authority and permission.

24. At the time of the incident in question, and immediately prior thereto, Defendant's agents, servants, employees, representatives, and vice-principals, including those who were in any way connected with the occurrence, were acting within the course and scope of their employment for Defendant.

25. At the time of the incident in question, and immediately prior thereto, Defendant's agents, servants, employees, representatives, and vice-principals performed and/or failed to perform the acts and/or omissions contained in this pleading.

26. At the time of the incident in question and immediately prior thereto, Defendant's agents, servants, employees, representatives, and vice-principals were engaged in the furtherance of their office or employment and/or Defendant's business.

27. At the time of the incident in question and immediately prior thereto, Defendant's agents, servants, employees, representatives, and vice-principals were engaged in accomplishing a task for which the Defendant's agents, servants, employees, representatives, and vice-principals were employed.

28. In the above connections, the agents, servants, employees, representatives, and vice-principals were acting within the course and scope of their authority, and with the knowledge of Defendant.

29. Defendant had assented to the dangerous conduct of their agents, servants,

employees, representatives, and vice-principals, and have ratified all of their activities relative to the injuries and damages of Plaintiff.

30. Plaintiff thus invokes the doctrine of *respondeat superior* against Defendant. Defendant is vicariously liable for the negligence of Defendant's agents, servants, employees, representatives, and vice-principals.

## **RESERVATION OF RIGHTS**

31. Plaintiff hereby refers to, and incorporates, the facts and allegations explained hereinabove as if fully set forth herein.

32. Plaintiff specifically reserves the right to bring additional causes of action against Defendant and to amend this Petition as necessary.

## **ACTUAL DAMAGES AND RULE 47 STATEMENT**

33. Plaintiff hereby refers to, and incorporates, the facts and allegations explained hereinabove as if fully set forth herein.

34. As a proximate result of the negligence of Defendant, Plaintiff was injured. Further, to the extent, if any, that Plaintiff suffered from any pre-existing and/or prior condition, if any, the collision, at a minimum, aggravated and/or worsened such condition to the point that it became symptomatic or more symptomatic than it was before the collision. The negligence of Defendant has proximately caused Plaintiff to suffer the following elements of damages in the past and Plaintiff will, in all reasonable probability, continue to suffer such elements of damage in the future:

1) physical and mental pain and anguish;

2) loss of wage earning capacity;

3) physical impairment;

4) disfigurement; and

5) medical expenses.

Plaintiff has suffered damages from Defendant's wrongful conduct described herein. As discussed herein in this Petition, Plaintiff has suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future.

35. Both the CONSTITUTION OF THE UNITED STATES and the CONSTITUTION OF THE STATE OF TEXAS provide Plaintiff with the inalienable, fundamental right to have Plaintiff's case heard and decided by a jury of Plaintiff's peers at trial. In accordance with these fundamental rights, it will ultimately be the responsibility and province of a jury of Plaintiff's peers to decide the economic value of the damages Plaintiff suffered as a result of Defendant's wrongful actions and omissions described hereinabove which form the basis of this lawsuit. However, as Plaintiff is required by law to state the maximum amount of damages that Plaintiff is seeking, Plaintiff believes that, when the totality of Plaintiff's damages are considered, along with the wrongful nature of Defendant's conduct, it is possible that a jury may ultimately decide that Plaintiff's damages exceed two hundred thousand dollars but are less than one million dollars. Plaintiff therefore sues for monetary relief between $200,000 and $1,000,000, to be determined by the jury in its sole discretion.

### JURY DEMAND

36. Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff demands trial by jury and tender the jury fee along with this filing.

### · RULE 193.7 NOTICE

37. You are hereby given notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 of Plaintiff's intent to offer any and all documents produced by Defendant in response to any discovery request as evidence in any pretrial proceeding or at trial.

### REQUEST FOR DISCLOSURE TO DEFENDANT

38.   Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby respectfully requests that Defendant respond to the items in Rule 194.2(a)-(l) no later than fifty-one (51) days from the service of this lawsuit, with Defendant's answers and/or responses served by Defendant to the offices of Plaintiff's counsel, The Nielsen Law Firm, P.C., 9800 Northwest Freeway, Suite 314, Houston, Texas 77092.

### PRAYER

*WHEREFORE, PREMISES CONSIDERED*, Plaintiff hereby respectfully requests and prays that Defendant be cited to appear and answer herein, and that, on final trial to a jury of their peers, Plaintiff have judgment entered in favor of Plaintiff and against Defendant for:

a. damages in an amount in excess of the jurisdictional limits of the Court to be determined by the jury in its sole discretion;

b. pre-judgment interest at the highest rate allowed by law;

c. post-judgment interest at the highest rate allowed by law;

d. costs and expenses of Court; and

e. any and all such other and further relief to which Plaintiff may be justly entitled.

Dated: June 10, 2019

Respectfully submitted,

THE NIELSEN LAW FIRM, P.C.

BY:  */s/ Eric D. Nielsen*
Eric D. Nielsen
Texas Bar No.: 15021625
9800 Northwest Freeway, Suite 314
Houston, Texas 77092
Tel.: (713) 524-4800
Fac.: (888) 587-9443
eric@nielsentriallaw.com

ATTORNEYS FOR PLAINTIFF