**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **LISA HARMON,** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 6:19-cv-00285 |
| | § | |
| | § | |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| **Defendant.** | § | |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **WAL-MART STORES TEXAS, LLC,** Defendant above, and makes the following response to the complaint of Lisa Harmon and files this its Original Answer:

### DISCOVERY LEVEL

1.  Defendant cannot admit or deny Paragraph 1 of Plaintiff's Original Petition.

### PARTIES

2.  Defendant has insufficient information to either admit or deny the residency of Plaintiff to this case.

3.  The proper party to this lawsuit is Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC is a Delaware limited liability company with a registered agent as alleged. Defendant warrants its principal place of business is Arkansas. Walmart, Inc., a publicly traded Delaware corporation, is the ultimate parent for Wal-Mart Stores Texas, LLC. No publicly held company owns 10% or more of the stock of Walmart, Inc.

## JURISDICTION AND VENUE

4. Defendant denies the jurisdiction facts alleged in Paragraph 4 of Plaintiff's Original Petition.

5. Defendant denies the venue facts alleged in Paragraph 5 of Plaintiff's Original Petition.

## MISNOMER/ALTER EGO

6. Defendant cannot admit or deny paragraph 6 of Plaintiff's Original Petition.

7. Defendant cannot admit or deny paragraph 7 of Plaintiff's Original Petition

## BACKGROUND FACTS

8. Defendant denies the facts alleged in paragraph 8 of Plaintiff's Original Petition.

9. Defendant denies paragraph 9 of Plaintiff's Original Petition.

10. Defendant denies paragraph 10 of Plaintiff's Original Petition.

11. Defendant denies paragraph 11 of Plaintiff's Original Petition.

12. Defendant denies paragraph 12 of Plaintiff's Original Petition.

## CAUSE OF ACTION NO. 1
## NEGLIGENCE

13. Defendant denies paragraph 13 of Plaintiff's Original Petition.

14. Defendant Wal-Mart Stores Texas, LLC was the operator and possessor of the premises as alleged in paragraph 14 of Plaintiff's Original Petition, however, it denies that it is the owner of the premises.

15. Defendant denies paragraph 15 of Plaintiff's Original Petition.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Original Petition that it had actual knowledge or constructive knowledge of an alleged dangerous condition or that it reasonably should have known of the alleged dangerous condition. Defendant cannot admit or

deny the last sentence of paragraph 16 as to Plaintiff's knowledge.

17. Defendant denies all of the allegations of paragraph 17 of Plaintiff's Original Petition.

18. Defendant denies all of the allegations in paragraph 18 of Plaintiff's Original Petition.

19. Defendant denies the allegations in paragraph 19 of Plaintiff's Original Petition.

## CAUSE OF ACTION NO. 2
## NEGLIGENCE VIA *RES IPSA LOQUITOR*

20. Defendant denies paragraph 20 of Plaintiff's Original Petition.

21. Defendant denies paragraph 21 of Plaintiff's Original Petition.

## CAUSE OF ACTION NO. 3
## DEFENDANT'S LIABILITY VIA *RES IPSA LOQUITOR*

22. Defendant denies paragraph 22 of Plaintiff's Original Petition.

23. Defendant denies paragraph 23 of Plaintiff's Original Petition.

24. Defendant denies paragraph 24 of Plaintiff's Original Petition.

25. Defendant denies paragraph 25 of Plaintiff's Original Petition.

26. Defendant denies paragraph 26 of Plaintiff's Original Petition.

27. Defendant denies paragraph 27 of Plaintiff's Original Petition.

28. Defendant denies paragraph 28 of Plaintiff's Original Petition.

29. Defendant denies paragraph 29 of Plaintiff's Original Petition.

30. Defendant denies paragraph 30 of Plaintiff's Original Petition.

## RESERVATION OF RIGHTS

31. Defendant denies paragraph 31 of Plaintiff's Original Petition.

32. Defendant cannot admit or deny paragraph 32 of Plaintiff's Original Petition.

## ACTUAL DAMAGES AND RULE 47 STATEMENT

33. Defendant denies paragraph 33 of Plaintiff's Original Petition.

34. Defendant denies that any injury of Plaintiff was a proximate result of negligence of Defendant. Defendant denies the allegations of damages set forth in paragraph 34 of Plaintiff's Original Petition.

35. Defendant denies the allegations of wrongful actions or omissions in paragraph 35 of Plaintiff's Original Petition and further denies Plaintiff's allegations as to damages.

## JURY DEMAND

36. Defendant herein demands a trial by jury.

## RULE 193.7 NOTICE

37. Defendant cannot admit or deny paragraph 37 of Plaintiff's Original Petition.

## REQUEST FOR DISCLOSURE TO DEFENDANT

38. Defendant cannot admit or deny paragraph 38 of Plaintiff's Original Petition.

## AFFIRMATIVE DEFENSES

39. By way of further defense, Defendant would show that the incident was caused in whole or in part by the negligent acts or omissions of Plaintiff and/or a third person who is or is not currently a party to this action.

40. Pleading further, and in the alternative, if such be necessary, and subject to the foregoing pleas, and without waiving same, Defendant would state that in the event Defendant is held legally responsible to Plaintiff, any such responsibility being expressly denied by Defendant, then Defendant hereby invokes the provisions of Chapter 33 Comparative / Proportionate Responsibility of the Tex. Civ. Prac. & Rem. Code, which provisions would

entitle Defendant among other things to reduction for the negligence, liability, responsibility or other conduct alleged which is attributable to any other party or settling person or third party. Alternatively, Defendant would invoke the provisions of Chapter 32 and Chapter 33 of the Tex. Civ. Prac. & Rem. Code as that Code affects the rights of contribution and indemnity between parties to litigation in the State of Texas, and the provisions thereunder whereby Defendant is entitled to a credit for any settlement paid or to be paid to Plaintiff.

## **PRAYER**

41. Defendant denies that Plaintiff is entitled to any recovery for actual damages, pre-judgment and post-judgment interest, costs of court, or any other relief requested by Plaintiff.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing and Defendant be allowed costs and general relief.

Respectfully submitted,

By: *s/ Jessica M. LaRue*
Edward L. Merritt
Attorney-in-Charge
Texas Bar No. 13967400
E-Mail: emerrritt@harbourlaw.com
Jessica M. LaRue
Texas Bar No. 24076019
E-Mail: jlarue@harbourlaw.com
PO Drawer 2072
Longview, TX 75606
Tel. (903) 757-4001
Fax. (903) 753-5123
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to Plaintiff's attorney of record, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court on this the 5th day of July, 2019.


                                                  */s/ Jessica M. LaRue*
                                                  Jessica M. LaRue